IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANDRA NORTHWAY, individually and as the personal representative of the ESTATE OF ROBERT NORTHWAY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-1576 |
| v. | ) ) | |
| STL INTERNATIONAL, INC. d/b/a TEETER and QVC, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

COMES NOW, Plaintiff SANDRA NORTHWAY, individually and as the Administratrix of the ESTATE OF ROBERT NORTHWAY, by and through her attorney Erin M. Phillips of the law firm of Unsell, Schattnik, & Phillips, P.C., and for her Complaint for damages states as follows:

### **JURISDICTION AND VENUE**

1. Jurisdiction is proper under 28 USC § 1332 by virtue of diversity of citizenship of the parties and because the amount in controversy is reasonably likely to exceed $75,000.00.

2. Immediately prior to his death decedent ROBERT NORTHWAY was a citizen of the State of Illinois and resided in Alton, Illinois. His estate is formed under the laws of the State of Illinois and was filed in the Circuit Court for Madison County, Illinois.

3. Plaintiff SANDRA NORTHWAY is the Administratrix of the Estate of Robert Northway. The Estate was filed in Madison County, Illinois.

4. Plaintiff SANDRA NORTHWAY is a citizen of the State of Illinois and resides in Alton, Illinois.

5. Defendant STL INTERNATIONAL, INC., d/b/a TEETER (hereinafter "TEETER") is a Washington Corporation with its principal place of business and headquarters in Bonney Lake, Washington.

6. Defendant TEETER knowingly and purposefully availed itself of the laws of the State of Illinois by regularly conducting business within the State of Illinois, selling its products to various distributors within and throughout the State of Illinois, marketing its products to consumers in the State of Illinois on television and via the internet, and otherwise knowingly placing its products in the stream of commerce throughout the world, including in the State of Illinois.

7. Defendant QVC, INC.(hereinafter "QVC"), is a Delaware Corporation with its headquarters in West Chester, Pennsylvania.

8. Defendant QVC knowingly and purposefully availed itself of the laws of the State of Illinois by regularly conducting business with consumers located within the State of Illinois, knowingly selling products to customers in the State of Illinois, marketing its products to consumers in the State of Illinois on television and via the internet, and otherwise by knowingly placing its products in the stream of commerce throughout the world, including in the State of Illinois.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff SANDRA NORTHWAY and Decedent Robert Northway were married and resided together as man and wife at their home in Alton, Illinois.

10. Defendant TEETER designs, manufactures, markets, and sells products for use by consumers in the State of Illinois (as well as throughout the United States and internationally). These product include, but are not limited to Teeter brand inversion tables and other related products.

11. On or about December 6, 2020, Defendant TEETER marketed its Teeter inversion table products with claims that the products offer tremendous health benefits, including but not limited to claims that the inversion table products are "indicated for back pain, herniated discs, sciatica, muscle tension and spasm, degenerative disc disease, spinal degenerative joint disease, spinal stenosis, spinal curvature due to tight muscles, facet syndrome, and more."

12. Defendant TEETER marketed its Teeter inversion table as a safe product to be used by the public to help symptoms related to the above-listed medical issues.

13. Defendant TEETER advertised that "practically anyone" would benefit from using one of their Teeter inversion tables and that "normally healthy individuals are able to invert."

14. Prior to when Decedent Robert Northway and Plaintiff SANDRA NORTHWAY purchased the Teeter inversion table, Defendant TEETER was aware of dangerous defects and potentially harmful side effects caused by Teeter inversion tables due to multiple prior reported instances and multiple lawsuits related to persons being harmed or even killed while operating a Teeter inversion table.

15. Defendant TEETER did not provide information about these dangerous defects known to Defendant TEETER nor provide adequate warning of the known safety issues related to the use a Teeter inversion table in order to conceal such negative information in order to better market and sell the Teeter inversion tables to consumers such as Robert Northway.

16. Defendant QVC is a home shopping network that advertises products for sale in the State of Illinois, throughout the United States and internationally through its television programming on the QVC shopping networks and online at QVC.com.

17. Defendant QVC marketed, advertised, sold, and distributed products designed and manufactured by Defendant Teeter, including the Teeter brand inversion tables.

18. Defendant QVC advertised and sold the Teeter inversion tables both as part of its broadcast television shopping segments on the QVC television networks and online at QVC.com.

19. As part of Defendant QVC's advertisements of the Teeter inversion tables, Defendant QVC made deceptive statements concerning the health benefits from use of the Teeter inversion table and that the Teeter inversion table was a safe and effective product for treatment of various health issues similar to those previously made by Defendant TEETER.

20. On or about December 6, 2020, Decedent Robert Northway and PLAINTIFF SANDRA NORTHWAY viewed an advertisement or advertisements for Defendant TEETER'S inversion tables on Defendant QVC's network programming or on QVC's website.

21. The advertisement(s) viewed by Decedent Robert Northway and Plaintiff SANDRA NORTHWAY contained the false and misleading statements concerning the health benefits provided by the Teeter inversion table, that the table was useable by "practically anyone," and that the table was a safe product to use in the treatment of various medical issues. The advertisement(s) also deceptively withheld information about the dangerous defect(s) or design of the Teeter inversion table.

22. Due to the misleading statements made by Defendants, Decedent Robert Northway and Plaintiff SANDRA NORTHWAY believed the Teeter inversion table was a safe and

effective way to help alleviate Robert Northway's pain..

23.  On or about December 6, 2020, Decedent Robert Northway and Plaintiff SANDRA NORTHWAY discussed purchasing a Teeter inversion table. They agreed to purchase an inversion table and Robert Northway purchased a Teeter Fit Spine X3 Inversion Table with FlexTech Bed online from QVC.com. The inversion table purchased by Decedent Robert Northway bears the serial no. CCLX-382667 092020.

24.  On or about 7:30 am on the morning of May 17, 2021, at his home in Alton, Illinois, Decedent Robert Northway was using the Teeter inversion table described above in a reasonably foreseeable manner, when he became trapped in an inverted position, unable to cause the table to return to an uninverted or upright position.

25.  For up to approximately 25 minutes, Decedent Robert Northway struggled to right himself while he shouted for help trying to get the attention of a neighbor or someone else who could help him.

26.  Despite desperate effort over a prolonged period of time, Decedent Robert Northway was unable to either to return the table to a position from which it was possible to dismount nor otherwise extricate himself from the Teeter inversion table, causing him to remain upside down until Decedent Robert Northway asphyxiated and died.

## COUNT I - STRICT PRODUCTS LIABILITY AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count I as if set forth fully herein.

27.  The Teeter inversion table was dangerously defective and caused Robert Northway's death in one or more of the following ways:

a.  The Teeter inversion table was designed and manufactured in such a way that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

b.  The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

c.  The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

d.  The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

e.  The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

28.  As a direct and proximate result of the defective and dangerous nature of the product, as described above, decedent Robert Northway incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and died on May 17, 2021.

29. Plaintiff SANDRA NORTHWAY brings this strict liability claim as the Administratrix of the ESTATE OF ROBERT NORTHWAY on behalf of decedent Robert Northway as provided by the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.* and the Illinois Survival Act, Act,735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiff SANDRA NORTHWAY, individually and as representative for the Estate of Robert Northway, prays for judgment against the Defendant, STL INTERNATIONAL, INC. d/b/a TEETER, for an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

## COUNT II - WRONGFUL DEATH AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26  of Count II as if set forth fully herein.

27.  Defendant Teeter had a duty to design and manufacture Teeter inversion tables, including the Teeter inversion table sold to Decedent Robert Northway, in a safe and secure manner.

28.  Defendant Teeter was negligent in one or more of the following ways:

    a.    The Teeter inversion table was designed and manufactured in such a way that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

    b.    The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    c.    The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    d.    The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

  e.  The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29.  As a direct and proximate result of the of the negligence of Defendant Teeter described above, decedent Robert Northway incurred damages including, but not limited to medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and died on May 17, 2021.

30.  Robert Northway is survived by his wife, Sandra Northway, and his two children.

31.  Plaintiff SANDRA NORTHYWAY brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.* and claims all benefits and recoverable damages under the Illinois Wrongful Death Act on behalf of all other persons entitled to recover under the law.

WHEREFORE, Plaintiff SANDRA NORTHWAY, individually and as representative for the Estate of Robert Northway, prays for judgment against the Defendant, STL INTERNATIONAL, INC. d/b/a TEETER, for an amount in excess of seventy-five thousand dollars ($75,000), costs and and other relief this Court deems just and proper under the circumstances.

## COUNT III - SURVIVAL ACTION AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count III as if set forth fully herein.

27.  Defendant Teeter had a duty to design and manufacture Teeter inversion tables,

including the Teeter inversion table sold to Decedent Robert Northway, in a safe and secure manner.

28. Defendant Teeter was negligent in one or more of the following ways:

   a.   The Teeter inversion table was designed and manufactured in such a way that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

   b.   The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   c.   The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   d.   The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

   e.   The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29. As a direct and proximate result of the of the negligence of Defendant Teeter described above, decedent Robert Northway became trapped in while inverted in the Teeter inversion table and was forced to suffer while struggling to right himself and yelling for held for approximately 10-25 minutes. Robert Northway incurred damages including, but not limited to medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and died on May 17, 2021.

30. Plaintiff brings this claim pursuant to the Illinois Survival Act,735 ILCS 5/13-209

Page 9 of 27

and 755 ILCS 5/27-6, as the Administratrix of the Estate of Robert Northway and on behalf of the Estate of Robert Northway for all benefits and damages recoverable under the Illinois Survival Act.

31.  Plaintiff claims on behalf of the Estate of Robert Northway all damages suffered by ROBERT NORTHWAY prior to his death after he became trapped in the equipment and hung upside down and struggled to free himself until he died due to the physiological effect of prolonged inversion, including positional asphyxiation. During this time ROBERT NORTHWAY suffered on the conscious anxiety, horror, fear of impending death, mental disturbance, pain, suffering, and other intangible losses which Robert Northway suffered prior to his death.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant STL INTERNATIONAL, INC., d/b/a TEETER in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

## COUNT VI: ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count VI as if set forth fully herein.

27. Defendant TEETER made deceptive material misstatements about the benefits and safety of the Teeter inversion table while marketing the product to Illinois citizen Robert Northway.

28. Defendant TEETER made material and deceptive omissions concerning known defects and safety issues related to Teeter inversion tables in order to market and sell its inversion table product to Decedent Robert Northway, Plaintiff SANDRA NORTHWAY and other residents of Illinois.

29. Defendant TEETER employed unfair and deceptive business practices by using false statements, false promises, misrepresentations, or fraudulently concealed, suppressed or omitted material facts in the conduct of the trade and/or commerce of selling Teeter inversion tables in the State of Illinois.

30. Decedent Robert Northway and Plaintiff Sandy Northway relied on the the deceptive statements as to the benefits and safety of the Teeter inversion table and the deceptive omissions concerning known dangerous defects and safety issues when they decided to purchase the Teeter inversion table.

31. Had Defendant Teeter not made the material misrepresentations and omissions about the benefits of using the Teeter inversion table and about the known risks, safety issues, and defects of the Teeter inversion table, decedent Robert Northway and Plaintiff Sandy Northway would not have purchased the inversion table and Robert Northway would not have died while using the Teeter inversion table.

32. As the direct and proximate result of Defendant TEETER's unfair and deceptive business practices listed above, Robert Northway was injured because he became stuck in an inverted position and died. As a direct and proximate result, ROBERT NORTHWAY incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and ultimately lost his life.

33.  As a direct and proximate result of the of Defendant's the unfair and deceptive business practices listed above, Plaintiff SANDRA NORTHWAY lost the companionship of her husband, suffered extreme emotional distress and grief, and incurred monetary damages due to the death of her husband, ROBERT NORTHWAY.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant STL INTERNATIONAL, INC., d/b/a TEETER in an amount in excess of seventy-five thousand dollars ($75,000), including statutory damages, attorney's fees, costs of suit and such further relief as the Court deems proper and just.

### COUNT V - ILLINOIS COMMON LAW FRAUD AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count V as if set forth fully herein.

27. Defendant TEETER made fraudulent material misstatements about the benefits and safety of the Teeter inversion table while marketing and selling the Teeter inversion table to Illinois citizens ROBERT NORTHWAY and SANDY NORTHWAY.

28.  Defendant TEETER made fraudulent material omissions concerning known defects and safety issues related to Teeter inversion tables in order to market and sell its inversion table product to Decedent Robert Northway and Plaintiff SANDRA NORTHWAY.

29.  Decedent Robert Northway and Plaintiff SANDRA NORTHWAY relied on the both the fraudulent misrepresentations as to the benefits and safety of the Teeter inversion table and the fraudulent omissions concerning known dangerous defects and safety issues when they

decided would purchase the Teeter inversion table.

30.  Had Defendant TEETER not made the material misrepresentations and omissions about the benefits of using the Teeter inversion table and about the known risks, safety issues, and defects of the Teeter inversion table, decedent Robert Northway and Plaintiff SANDRA NORTHWAY would not have purchased the inversion and Decedent Robert Northway would not have died while using the Teeter inversion table.

31.  As the direct and proximate result of Defendant TEETER's the fraudulent misrepresentations and/or omissions, Robert Northway was injured when he became stuck in an inverted position and died. As a direct and proximate result, Robert Northway incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and ultimately lost his life.

32.  As a direct and proximate result of the of Defendant's the unfair and deceptive business practices listed above, Plaintiff SANDRA NORTHWAY lost the companionship of her husband, suffered extreme emotional distress and grief, and incurred monetary damages due to the death of her husband, ROBERT NORTHWAY.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant STL INTERNATIONAL, INC., d/b/a TEETER in an amount in excess of seventy-five thousand dollars ($75,000), attorney's fees, costs of suit and such further relief as the Court deems proper and just.

### COUNT VI - LOSS OF CONSORTIUM - PRODUCTS LIABILITY AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in

Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count

VI as if set forth fully herein.

27.  Defendant Teeter had a duty to design and manufacture Teeter inversion tables,

including the Teeter inversion table sold to Decedent Robert Northway, in a safe and secure

manner.

28.  Defendant Teeter was negligent in one or more of the following ways:

    a.    The Teeter inversion table was designed and manufactured in such a way that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

    b.    The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    c.    The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    d.    The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

    e.    The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29.  As a proximate result of the foregoing, Plaintiff SANDRA NORTHWAY, who was

dependent on ROBERT NORTHWAY for love, support, consortium, and companionship, lost

the love, support, consortium, and companionship of her husband, Robert Northway.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and

against Defendant STL INTERNATIONAL, INC., d/b/a TEETER in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

### COUNT VII - LOSS OF CONSORTIUM - WRONGFUL DEATH AGAINST DEFENDANT TEETER

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count VII as if set forth fully herein.

27.  Defendant Teeter had a duty to design and manufacture Teeter inversion tables, including the Teeter inversion table sold to Decedent Robert Northway, in a safe and secure manner.

28.  Defendant Teeter was negligent in one or more of the following ways:

   a.   The Teeter inversion table was designed and manufactured in such a way that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

   b.   The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   c.   The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   d.   The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

e.      The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29.  As a proximate result of the foregoing negligence, Plaintiff SANDRA NORTHWAY, who was dependent on ROBERT NORTHWAY for love, support, consortium, and companionship, lost the love, support, consortium, and companionship of her husband, Robert Northway.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant STL INTERNATIONAL, INC., d/b/a TEETER in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

## COUNT VIII- STRICT PRODUCTS LIABILITY AGAINST DEFENDANT QVC

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count VIII as if set forth fully herein.

27.  Defendant QVC placed a defective product into the stream of commerce in that it market, sold, and delivered the defective Teeter inversion table to Decedent ROBERT NORTHWAY.

28.  The Teeter inversion table marketed, sold, and delivered to Decedent ROBERT NORTHWAY by Defendant QVC was dangerously defective and caused Robert Northway's death in one or more of the following ways:

a.      The Teeter inversion table was designed and manufactured in such a way

that it was possible to become trapped in an inverted position while using the device in a reasonably foreseeable way.

b. The Teeter inversion table was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

c. The Teeter inversion table was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

d. The Teeter inversion table was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

e. The Teeter inversion table was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29. As a direct and proximate result of the defective nature of the product place into the stream of commerce by Defendant QVC, as described above, decedent ROBERT NORTHWAY incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and ultimately died on May 17, 2021.

30. Plaintiff SANDRA NORTHWAY brings this strict liability claim as the Administratrix of the ESTATE OF ROBERT NORTHWAY on behalf of decedent Robert Northway as provided by the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.* and the Illinois Survival Act, Act,735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC, INC., in an amount in excess of seventy-five thousand dollars

($75,000), costs and such further relief as the Court deems proper and just.

## COUNT VIX - WRONGFUL DEATH  AGAINST DEFENDANT QVC

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count VIX as if set forth fully herein.

27.  Defendant QVC had a duty to not market, sell, and provide a dangerous and defective Teeter inversion table sold to Decedent Robert Northway. Defendant QVC breached this duty by marketing, selling, and providing a dangerously defective product, namely the Teeter inversion table, to Robert Northway

28.  Defendant QVC was breached its duty in one or more of the following ways:

   a.   The Teeter inversion table was marketed, sold, and provided to decedent in that when assembled the Teeter inversion table uses could become trapped in an inverted position while using the device in a reasonably foreseeable way.

   b.   Marketed, sold, and provided a Teeter inversion table that was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   c.   Marketed, sold, and provided a Teeter inversion was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

   d.   Marketed, sold, and provided a Teeter inversion yhat was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

   e.   Marketed, sold, and provided a Teeter inversion that was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an

inverted position without the ability to return to an upright, uninverted position.

29.  As a direct and proximate result of the of the negligence of Defendant QVC described above, decedent Robert Northway incurred damages including, but not limited to medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and was killed on May 17, 2021.

30.  Robert Northway is survived by his wife, Sandra Northway, and his two children.

31.  Plaintiff SANDRA NORTHYWAY brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.* and claims all benefits and recoverable damages under the Illinois Wrongful Death Act on behalf of all other persons entitled to recover under the law.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC,  INC., in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

### COUNT X - SURVIVAL ACTION AGAINST DEFENDANT QVC

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count X as if set forth fully herein.

27.  Defendant QVC had a duty to not market, sell, and provide a dangerous and defective Teeter inversion table sold to Decedent Robert Northway. Defendant QVC breached this duty by marketing, selling, and providing a dangerously defective product, namely the Teeter inversion table, to Robert Northway

28. Defendant QVC was breached its duty in one or more of the following ways:

    a.    The Teeter inversion table was marketed, sold, and provided to decedent in that when assembled the Teeter inversion table uses could become trapped in an inverted position while using the device in a reasonably foreseeable way.

    b.    Marketed, sold, and provided a Teeter inversion table that was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    c.    Marketed, sold, and provided a Teeter inversion was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    d.    Marketed, sold, and provided a Teeter inversion yhat was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

    e.    Marketed, sold, and provided a Teeter inversion that was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29. As a direct and proximate result of the of the negligence of Defendant QVC described above, decedent Robert Northway incurred damages including, but not limited to medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and was killed on May 17, 2021.

30. Plaintiff brings this claim pursuant to the Illinois Survival Act, 734 ILCS 5/13-209 and 755 ILCS 5/27-6.

31. Plaintiff brings this Survival claim as the Administratrix of the Estate of Robert Northway on behalf of the Estate of Robert Northway seeking all damages suffered by Robert

Northway prior to his death after he became trapped in the equipment and hung upside down and struggled to free himself until he died due to the physiological effect of prolonged inversion, including positional asphyxiation. During this time Robert Northway suffered on the anxiety, horror, fear of impending death, mental disturbance, pain, suffering, and other intangible losses which Robert Northway suffered prior to his death.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC, INC., in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

## COUNT XI: ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT QVC

1-26. Plaintiff incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count XI as set forth fully herein.

27. Defendant QVC made deceptive statements about the benefits and safety of the Teeter inversion table while marketing the dangerous and defective Teeter inversion table to Illinois citizens, including decedent Robert Northway and Plaintiff SANDRA NORTHWAY.

28. Defendant QVC made material and deceptive omissions concerning known defects and safety issues related to Teeter inversion tables in order to market and sell the inversion table to decedent Robert Northway and Plaintiff SANDRA NORTHWAY, as well as other residents of Illinois.

29. Defendant QVC employed unfair and deceptive business practices by using false statements, false promises, misrepresentations, or fraudulently concealed, suppressed or omitted

material facts in the conduct of the trade and/or commerce of selling Teeter inversion tables in the State of Illinois.

30.  Decedent Robert Northway and Plaintiff SANDRA NORTHWAY relied on the both the deceptive statements as to the benefits and safety of the Teeter inversion table and the deceptive omissions concerning known dangerous defects and safety issues in when they determined Robert Northway would purchase the Teeter inversion table.

31.  As the direct and proximate result of Defendant QVC's the unfair and deceptive business practices listed above, Robert Northway was injured because he became stuck in an inverted position and died. As a direct and proximate result, ROBERT NORTHWAY incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and ultimately lost his life.

32.  As a direct and proximate result of the of Defendant QVC's unfair and deceptive business practices listed above, Plaintiff SANDRA NORTHWAY lost the companionship of her husband, suffered extreme emotional distress and grief, and incurred monetary damages due to the death of her husband, ROBERT NORTHWAY.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC NETWORK, INC., in an amount in excess of seventy-five thousand dollars ($75,000),  including statutory damages, attorney's fees, costs of suit and such further relief as the Court deems proper and just.

## COUNT XII - ILLINOIS COMMON LAW FRAUD

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count

XII as if set forth fully herein.

27. Defendant QVC made fraudulent material misstatements about the benefits and safety of the Teeter inversion table while marketing and selling the Teeter inversion table to Illinois citizens, including decedent Robert Northway and Plaintiff SANDRA NORTHWAY.

28. Defendant QVC made fraudulent material omissions concerning known defects and safety issues related to Teeter inversion tables in order to market and sell their inversion table product to Illinois citizens, including decedent Robert Northway and Plaintiff SANDRA NORTHWAY.

29. Decedent Robert Northway and Plaintiff SANDRA NORTHWAY relied on the both Defendant QVC's fraudulent misrepresentations as to the benefits and safety of the Teeter inversion table and the fraudulent omissions concerning known dangerous defects and safety issues of the Teeter inversion table when the determined they would purchase the Teeter inversion table.

30. Had Defendant QVC not made the material misrepresentations and omissions about the benefits of using the Teeter inversion table and about the known risks, safety issues, and defects of the Teeter inversion table, they would not have purchased the inversion and decedent Robert Northway would not have died while using the Teeter inversion table.

31. As the direct and proximate result of Defendant's the fraudulent misrepresentations and/or omissions, Robert Northway was injured because he became stuck in an inverted position and died. As a direct and proximate result, ROBERT NORTHWAY incurred damages, including but not limited to, medical costs, conscious pain and suffering, loss of a normal life, loss of earning capacity, and ultimately lost his life.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC, Inc. in an amount in excess of seventy-five thousand dollars ($75,000), attorneys fees, costs of suit and such further relief as the Court deems proper and just.

### COUNT XIII- LOSS OF CONSORTIUM - PRODUCTS LIABILITY AGAINST DEFENDANT QVC

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count XIII as if set forth fully herein.

27.  Defendant QVC had a duty to not market, sell, and provide a dangerous and defective Teeter inversion table sold to Decedent Robert Northway. Defendant QVC breached this duty by marketing, selling, and providing a dangerously defective product, namely the Teeter inversion table, to Robert Northway

28.  Defendant QVC was breached its duty in one or more of the following ways:

    a.    The Teeter inversion table was marketed, sold, and provided to decedent in that when assembled the Teeter inversion table uses could become trapped in an inverted position while using the device in a reasonably foreseeable way.

    b.    Marketed, sold, and provided a Teeter inversion table that was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    c.    Marketed, sold, and provided a Teeter inversion was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

    d.    Marketed, sold, and provided a Teeter inversion yhat was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert

Northway, of the risks of becoming trapped in an inverted position.

    e.    Marketed, sold, and provided a Teeter inversion that was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29. As a proximate result of the foregoing, Plaintiff SANDRA NORTHWAY, who was dependent on Decedent Robert Northway for love, support, consortium, and companionship, lost that love, support, consortium, and companionship from her husband, Robert Northway.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC NETWORK, INC.,  in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

### COUNT XIV - LOSS OF CONSORTIUM -WRONGFUL DEATH AGAINST DEFENDANT QVC

1-26.  Plaintiff re-incorporates and re-alleges by reference the allegations contained in Paragraphs Nos. 1 through 26 above as the allegations of Paragraphs Nos. 1 through 26 of Count XIV as if set forth fully herein.

27. Defendant QVC had a duty to not market, sell, and provide a dangerous and defective Teeter inversion table sold to Decedent Robert Northway. Defendant QVC breached this duty by marketing, selling, and providing a dangerously defective product, namely the Teeter inversion table, to Robert Northway

28. Defendant QVC was breached its duty in one or more of the following ways:

    a.    The Teeter inversion table was marketed, sold, and provided to decedent in that when assembled the Teeter inversion table uses could become trapped in an inverted position while using the device in a reasonably foreseeable way.

b.   Marketed, sold, and provided a Teeter inversion table that was designed and manufactured with inadequate safety equipment or mechanisms that would prevent a user from becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

c.   Marketed, sold, and provided a Teeter inversion was not properly tested to identify the unreasonable hazard of becoming stuck in an inverted position with no ability to return to an upright, uninverted position.

d.   Marketed, sold, and provided a Teeter inversion yhat was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including decedent Robert Northway, of the risks of becoming trapped in an inverted position.

e.   Marketed, sold, and provided a Teeter inversion that was designed and manufactured without sufficient failsafe mechanisms that would have prevented decedent Robert Northway's death due to becoming stuck in an inverted position without the ability to return to an upright, uninverted position.

29.  As a proximate result of the foregoing negligence, Plaintiff SANDRA NORTHWAY, who was dependent on Decedent Robert Northway for love, support, consortium, and companionship, lost that love, support, consortium, and companionship from her husband, Robert Northway.

WHEREFORE, Plaintiff SANDRA NORTHWAY prays for judgment in her favor and against Defendant QVC NETWORK, INC., in an amount in excess of seventy-five thousand dollars ($75,000), costs and such further relief as the Court deems proper and just.

## JURY DEMAND

Plaintiff SANDRA NORTHWAY, individually and as the Administratrix of the ESTATE OF ROBERT NORTHWAY requests a trial by jury as to all claims.

By:    /s/ Erin M. Phillips

Erin M. Phillips, #6289723
Unsell, Schattnik & Phillips P.C.
Attorney for Plaintiff
3 South 6th Street
Wood River, IL 62095
(618) 258-1800
erin.phillips7@gmail.com